```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/23/2026__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galo Patricio Lima Herrera,

                    Petitioner,

-against-

"HAYNES," Warden of Detention Facility At 26 Federal Plaza, New York, NY.; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement (ICE); Marcos Charles acting Executive Associate Director for ICE Enforcement and Removal Operations (ERO); William P. JOYCE, in his official capacity as Deputy Field Office Director of New York; Rodney S. SCOTT, in his official capacity as the Commissioner of U.S. Customs and Border Protection (CBP) Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of Homeland Security; and Pamela BONDI, in her official capacity as Attorney General of the United States, in their official capacities; President Donald J. Trump in his personal and official capacity,

                    Respondents.

26 Civ. 266 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Galo Patricio Lima Herrera, an Ecuadorian citizen in the United States, petitions for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). *See generally* Pet. (the "Petition"), ECF No. 1; *see also* Resp. at 1, ECF No. 6. Lima Herrera contends that his Fifth Amendment right to due process was violated when he was detained on January 13, 2026. *See* Pet. at 4–5; Resp. at 2. Lima

Herrera seeks immediate release from custody. Pet. at 4. For the reasons stated below, the Petition is granted.[1]

## BACKGROUND

On July 30, 2020, Lima Herrera entered the United States through the southern border near Fabens, Texas. Resp. at 1. After being detained on that date, he was served with a Notice to Appear ("NTA"), charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I). NTA, ECF No. 6-1; *see also* Resp. at 1. The NTA directed Lima Herrera to appear before an immigration judge in El Paso, Texas, on October 20, 2020. NTA at 1. That same day, he "was processed and returned to Mexico under the Migrant Protection Protocol." DHS Form I-213 at 3, ECF No. 6-3; *see also* Custody Determination, ECF No. 6-2. Although the parties do not explain how Lima Herrera returned to the United States and do not provide details about his subsequent immigration history, given that Lima Herrera was arrested in Queens, he either was not returned to Mexico or, at some point after his release to Mexico, he reentered and stayed in the United States.

Lima Herrera "does not have a pending application for asylum . . . currently." DHS Form I-213, ECF No. 6-3, at 3. He does not have criminal history. *Id.*

On Tuesday, January 13, 2026, officers from the New York City Fugitive Operations Team and special agents with Homeland Security arrested Lima Herrera in Flushing, New York, when ICE officers "observed a male[] who matched the physical appearance of [Lima Herrera]." DHS Form I-213 at 2. Law enforcement agents approached Lima Herrera after he entered the driver's side of a vehicle. *Id.* Officers directed him to place the car in park and to provide identification. *Id.* He was then arrested, served with a Form I-200 arrest warrant, and taken into custody at

---

[1] Having reviewed the Petition, and the government's opposition and accompanying exhibits, the Court finds that the Petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. 28 U.S.C. § 2243 (commanding courts to dispose of habeas petitions expeditiously, "as law and justice require").

26 Federal Plaza. *Id.*; *see also* Resp. at 2; Form I-200, ECF No. 6-4.[2] On that same day, Lima Herrera filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, *see* Pet.

## DISCUSSION

"Noncitizens are . . . entitled to challenge through habeas corpus the legality of their ongoing detention," including "the lawfulness of detention when it is first imposed." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quotation omitted). "The Supreme Court has been unambiguous that executive detention orders, which occur without the procedural protections required in courts of law, call for the most searching review." *Id.* In analyzing Lima Herrera's due process claim, the Court holds that (1) as someone already present in the United States, Lima Herrera is not subject to detention under 8 U.S.C. § 1225(b)(2)(A); and (2) because he is instead subject to detention under § 1226(a), his due process rights were violated when ICE detained him without making an individualized determination of his dangerousness or flight risk.[3] The government concedes that if the Court follows its decisions in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025), *Cuy Comes v. DeLeon*, No. 25 Civ. 9283, 2025 WL 3206491 (S.D.N.Y. Nov. 14, 2025), and *Perez Agustin v. Joyce*, 25 Civ. 10122, 2025 WL 3564494 (S.D.N.Y. Dec. 12, 2025), the Court should grant the writ of habeas corpus. *See* Opp. Ltr. at 1, 2–3.[4] The Court grants the writ.

---

[2] The record does not indicate whether Lima Herrera was served with the Form I-200 before being taken into custody. *See* Resp. at 2; *see also* DHS Form I-213 at 2–3 (stating that as of 7:05 a.m. on January 13, 2026, Lima Herrera was arrested, "informed . . of his Warrant of Arrest (I-200) . . . and transported . . . to 26 Federal Plaza"); Form I-200 (signed January 13, 2026 at 11:51 a.m.).

[3] Because the Court agrees that Lima Herrera's release is required because his due process rights were violated, the Court does not consider Lima Herrera's other arguments in support of his Petition. *See, e.g.*, Pet. at 1, 4–5.

[4] In opposition to the Petition, the government incorporates by reference the arguments it made in *Gonzalez v. Joyce*, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025). *See* Resp. at 3 n.3. In this order, the Court refers to the opposition brief filed at ECF No. 18 in *Gonzalez* as Opp. Mem.

3

I. <u>Basis of Detention</u>

The government seeks to justify Lima Herrera's detention under 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention of certain noncitizens. *See* Resp. at 2. "This Court need not spill much ink on the issue, as it agrees with the overwhelming weight of authority" and concludes that Lima Herrera is detained under 8 U.S.C. § 1226(a). *Cardenas v. Almodovar*, No. 25 Civ. 9169, 2025 WL 3215573, at *2 (S.D.N.Y. Nov. 18, 2025); *see also Cuy Comes*, 2025 WL 3206491, at *2.

First, as in *Cardenas* and *Cuy Comes*, Section 1225(b)(2)(A), and the uniform case law interpreting it, compels the Court to hold that § 1225(b)(2)(A) does not apply to Lima Herrera, who had been residing in the United States when he was arrested in Flushing, New York last week. *See, e.g.*, *Hyppolite v. Noem*, No. 25 Civ. 4304, 2025 WL 2829511, at *7–8 (E.D.N.Y. Oct. 6, 2025) ("[A] noncitizen who has resided continuously in the United States since . . . 2022 . . . is subject to the discretionary provisions of § 1226(a), not the "mandatory" provisions of § 1225(b) as Respondents claim."); *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588, at *5 (S.D.N.Y. Aug. 13, 2025) (holding that § 1225(b)(2) does not apply to a noncitizen who "has been residing in the United States for more than two years at the time of his arrest and detention"); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1226(a) would apply to the removal of noncitizens who are "already in the country pending the outcome of removal proceedings"); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060 (7th Cir. 2025) (finding persuasive that "any noncitizen who is unlawfully already in the United States" is not covered by § 1225(b)(2)(A)).

II.     Due Process Required for § 1226(a) Detention

"At the outset, the Court rejects [any] assertion that [Lima Herrera] is not entitled to due process under the Fifth Amendment and is instead limited only to the process provided by Congress." *Cuy Comes,* 2025 WL 3206491, at *4. Lima Herrera is not, as the government purports, an "alien on the threshold of initial entry," Opp. Mem. at 11 (citation omitted), but rather a noncitizen who has been living in the country, Resp. at 1. *See Cuy Comes*, 2025 WL 3206491, at *4–5. As the Supreme Court has unambiguously held, "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citation omitted); *Velasco Lopez*, 978 F.3d at 850.

As in *Cuy Comes*, 2025 WL 3206491, at *5, and *Gonzalez*, 2025 WL 2961626, at *3, the government does not dispute that Lima Herrera was detained without an individualized determination as to his risk of flight or his danger to the community. *See* Pet. at 1; Resp. at 3 ("[W]hile the government does not consent to issuance of the writ, while reserving all rights, including the right to appeal, . . . the government hereby relies upon, and incorporates by reference, the legal arguments it presented in *Gonzalez*[, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025),] and the Court can decide this issue without further briefing."). For the reasons explained in *Cuy Comes*, 2025 WL 3206491, at *4–5, *Gonzalez*, 2025 WL 2961626, at *3, and *Lopez Benitez*, 795 F. Supp. 3d at 492–96, among other cases, the Court concludes that an individualized determination and exercise of discretion is required when detaining someone pending removal proceedings under § 1226(a), and, therefore, Lima Herrera's due process rights were violated when he was "re-detained by immigration authorities with no deliberative process

5

prior to, or contemporaneous with the detention." *Lopez Benitez*, 795 F. Supp. 3d at 498 (quoting *Valdez v. Joyce*, No. 25 Civ. 4627, 2025 WL 1707737, at *4 (S.D.N.Y. June 18, 2025)).

To the extent the government argues that Lima Herrera's detention was made pursuant to its discretionary authority, there is no valid exercise of discretion where "there is nothing to suggest that [the government] exercised any discretion *at all* in detaining [Lima Herrera] . . . in contravention of the basic procedural requirements of § 1226(a)." *Cuy Comes*, 2025 WL 3206491, at *5 (quoting *Lopez Benitez*, 795 F. Supp. 3d at 494–95). The government has not argued that DHS or ICE made an individualized custody determination prior to or contemporaneously with Lima Herrera's arrest. *See generally* Resp.; Opp. Mem. Rather, the government contends that it need not make *any* custody determination upon arrest because Lima Herrera's detention is mandatory. The Court rejects this argument. Because Lima Herrera was detained without the government "first conducting an individualized assessment as to [his] dangerousness or flight risk, or any kind of process at all sufficient to qualify as a valid exercise of discretion," his detention violates his Fifth Amendment due process right, and his release is required. *Lopez Benitez*, 795 F. Supp. 3d at 496.

III. Exhaustion

Lima Herrera is excused from exhausting his administrative remedies, *see* Opp. Mem. at 13–16, because the "available remedies provide no genuine opportunity for adequate relief"[5] and because Lima Herrera has raised "a substantial constitutional question" regarding his detention procedures. *Beharry v. Ashcroft*, 329 F. 3d 51, 62 (2d Cir. 2003); *see Chipantiza-Sisalema v.*

---

[5] For example, the government mentions that a detained person could request a custody re-determination, which would involve a bond hearing conducted by an immigration judge in an unspecified venue at some unknown date after the person's unconstitutional detention. *See* Opp. Mem. 14.

6

*Francis*, No. 25 Civ. 5528, 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025); *Cuy Comes*, 2025 WL 3206491, at *6; *Gonzalez*, 2025 WL 2961626, at *5.

## CONCLUSION

For the reasons stated above, the Petition, ECF No. 1, is GRANTED. Respondents are ordered to immediately release Lima Herrera from custody.

Respondents must brief their authority, if any consistent with this Order, to (1) redetain Lima Herrera without a valid exercise of discretion; (2) deny bond to Lima Herrera in any subsequent proceeding on the ground that he must be detained pursuant to 8 U.S.C. § 1225(b)(2)(A), absent a change in relevant circumstances; or (3) invoke the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) if Lima Herrera is granted bond. If, instead, Respondents confirm that they will take none of those steps with respect to Lima Herrera without prior notice of at least one week provided to him and the Court, Respondents need not file such briefing. *See Quispe-Sulcaray v. Noem et al.*, No. 25 Civ. 9908, 2025 WL 3501207, at *2 (S.D.N.Y. Dec. 7, 2025).

By **January 24, 2026, at 12:00 p.m.**, Respondents shall file a letter on the docket certifying compliance with this Order.

SO ORDERED.

Dated: January 23, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge